IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON DEAN,

    **Plaintiff,**

v.

    CIVIL ACTION NO. 2:12cv63
(Removal of case 12-C-31 from The Circuit Court of Pocahontas County, West Virginia)

UNITED STATES OF AMERICA,

and

SNOWSHOE MOUNTAIN, INC., d/b/a

THE CONNECTION,

and

SNOWSHOE MOUNTAIN, INC., d/b/a

SHAVER'S CENTER,

and

MOUNTAIN LODGE ASSOCIATION,

    **Defendants.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes the Plaintiff, Jason Dean, and for his cause of action against the Defendants United States of America, Snowshoe Mountain, Inc., and Mountain Lodge Assocation states and alleges as follows, to-wit:

1. Plaintiff, Jason Dean (hereinafter "Plaintiff Dean") is an adult individual and resident of Upshur County, West Virginia 26201.

1

2. Based upon information and belief, Defendant Snowshoe Mountain, Inc. (hereinafter "Defendant Snowshoe Mountain") is located in Pocahontas County, West Virginia 26209.

3. Based upon information and belief, Defendant Snowshoe Mountain, Inc. (hereinafter "Defendant Snowshoe") is a West Virginia Corporation that is licensed, authorized and registered to do business in Pocahontas County, West Virginia; more specifically Defendant Snowshoe owns Shaver's Center, in which a bar/nightclub operates out of called The Connection, also owned by Snowshoe, and which are both open to the public and conducting and transacting business in the community of Snowshoe, West Virginia. Snowshoe's notice of address is, CT Corporation System 5400 D Big Tyler Charleston, WV, 25313.

4. Based upon information and belief, Defendant Mountain Lodge Association (hereinafter "Defendant Mountain Lodge") is located in Pocahontas County, West Virginia 26209 with a mailing address of P.O. Box 183, Snowshoe, WV 26209.

5. Based upon information and belief, Mountain Lodge Association is an unincorporated association in Pocahontas County, West Virginia, which owns, operates and provides security for Mountain Lodge.

6. The United States of America filed a Notice of Substitution pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 267, *et seq.*, on behalf of original Defendants Dusty Rogers, Bryan Teter and Joe Friend, who were members of the United States military at the time of the incident. The Court

2

entered an Order Regarding Substitution on September 6, 2012. There is a pending motion filed by Plaintiff to re-substitute Dusty Rogers, Bryan Teter and Joe Friend as parties in this matter. Any reference to United States of America in this Complaint is not in recognition that United States is a properly substituted party.

COUNT I PREMISES LIABILITY NEGLIGENCE

7. Based upon information and belief , at all times relevant herein, on or about July 10-11, 2010, Defendant Mountain Lodge was the owner and operator of the resort and lodging, open to the public and was conducting business in Snowshoe, Pocahontas County, West Virginia.

8. Defendant Mountain Lodge operates a business open to the public as a reasonably safe premises upon which the public may enter and Defendant invited public entry.

9. Defendant Mountain Lodge owed Plaintiff Dean a duty to provide him with a safe venue and accommodation.

10. At all times relevant herein, Plaintiff Dean was an business invitee of Defendant Mountain Lodge; Plaintiff Dean was without contributory negligence and/or comparative negligence; and Plaintiff Dean's conduct was reasonable and in self-defense.

11. On or about July 10-11, 2010, Defendant Mountain Lodge individually and by and through their agents and employees knew or reasonably should have known, that their guests, more specifically Plaintiff Dean, were in danger of

having bodily injury inflicted upon him by Dusty Rogers, Bryan Teter and Joe Friend.

12. On or about July 10-11, Plaintiff Dean lawfully entered upon the business premises of the Defendant Mountain Lodge, and had bodily injuries inflicted upon him by Dusty Rogers, Bryan Teter and Joe Friend, when Dusty Rogers, Bryan Teter and Joe Friend, forced their way into the Plaintiff, Jason Dean's, hotel room.

13. Defendant Mountain Lodge, individually and by and through their agents, employees negligently, carelessly and recklessly failed to exercise ordinary care to keep and maintain their business premises in a reasonably safe condition.

14. Defendant Mountain Lodge, individually and by and through their agents, employees negligently, carelessly and recklessly failed to exercise ordinary care to protect Plaintiff Dean from the injuries inflicted by Dusty Rogers, Bryan Teter and Joe Friend and other persons present on the business premises.

15. Defendant Mountain Lodge, individually and by and through their agents and employees, negligently failed to take precautions to protect the invited public, particularly Plaintiff Dean, from the known and reasonably anticipated infliction of bodily injuries and damages from Dusty Rogers, Bryan Teter and Joe Friend.

16. Defendant Mountain Lodge, individually and by and through their agents and employees, irrespective of the sale and/or consumption of alcoholic

beverages or non-intoxicating beer on their business premises, negligently failed to provide the proper or necessary safety precautions or other safety measures for the protection of invited business patrons, more specifically Plaintiff Dean, from the known and reasonably anticipated infliction of bodily injuries and damages by Dusty Rogers, Bryan Teter and Joe Friend.

17. As a direct and proximate result of the aforementioned negligent, reckless and careless conduct of the defendants, Plaintiff Dean sustained severe and permanent injuries and damages as hereinafter set forth.

18. Defendant Mountain Lodge negligently and carelessly hired and failed to supervise, monitor, train, educate, test and instruct their security personnel in the performance of their job with Defendant Mountain Lodge.

19. Based upon information and belief, Dusty Rogers, Bryan Teter and Joe Friend began assaulting and battering Plaintiff Jason Dean, while other members, managers, employees, agents of Defendant Mountain Lodge observed the incident and negligently failed to prevent the incident.

20. Dusty Rogers, Bryan Teter and Joe Friend negligently and wrongfully punched Plaintiff Jason Dean, knocking him to the floor where they violently hit Plaintiff Jason Dean in the face and jaw.

21. The Defendant Mountain Lodge did or should have foreseen that the assault and battery upon Plaintiff Jason Dean would or could occur because Defendants Dusty Rogers, Bryan Teter and Joe Friend had been drinking.

22. The Defendant Mountain Lodge did negligently and improperly fail to adopt and/or enforce a policy of barring individuals such as Dusty Rogers, Bryan

Teter and Joe Friend from the premises on the date of this tortuous conduct when their actions clearly warranted the same.

23. Defendant Mountain Lodge, its agents, officers or employees, negligently failed to intervene to stop the negligent acts and omissions upon the plaintiff or to provide for adequate security to ensure the safety of the plaintiff, a patron/invitee upon its premises.

## COUNT II DRAM SHOP NEGLIGENCE

24. Plaintiff reincorporates by reference the allegations contained in paragraphs 1-23 of this Complaint.

25. Based upon information and belief, at all times relevant herein, on or about July 10-11, 2010, Defendant Snowshoe Mountain was the owner and operator of Shaver's Center and The Connection, open to the public and was conducting business in Snowshoe, Pocahontas County, West Virginia.

26. At all times relevant herein, the employees, agents, serving personnel and representatives of Shaver's Center and The Connection were acting within the scope of their employment for Snowshoe Mountain, Inc. Hereinafter, when referring to Shaver's Center and/or The Connection, Plaintiff's Amended Complaint will only reference "Snowshoe Mountain, Inc."

27. Based upon information and belief, on or about July 10-11, 2010, Dusty Rogers, Bryan Teter and Joe Friend were patrons upon the premises of Snowshoe Mountain, Inc., and were served various intoxicating beer and/or wine and/or alcoholic beverages and/or liquor there by the agents, employees, serving personnel and/or servants of Snowshoe Mountain, Inc.

28. Based upon information and belief, on the date of the assault and battery, Defendant Snowshoe Mountain, Inc. and its agents or employees, negligently served intoxicating liquor and/or intoxicating or non-intoxicating beer to Dusty Rogers, Bryan Teter and Joe Friend, even though the Defendant Snowshoe Mountain, Inc., and its agents, officers or employees knew or should have known Dusty Rogers, Bryan Teter and Joe Friend were visibly intoxicated.

29. At all times relevant herein, Defendant Snowshoe Mountain, Inc. owed a duty to protect the public, more specifically to Plaintiff Jason Dean, by not serving intoxicating or non-intoxicating beer and/or wine and/or alcoholic beverages and/or liquor to their members and/or patrons who were visibly intoxicated.

30. As a direct and proximate result of the carelessness, negligence, and violations of the law by Defendant Snowshoe Mountain, Inc., and their agents, employees, serving personnel and/or servants, on or about July 10-11, 2010, Defendant Snowshoe Mountain, Inc. caused and/or contributed to Dusty Rogers, Bryan Teter and Joe Friends careless and intentional infliction of bodily injuries upon Plaintiff Jason Dean as hereinbefore set forth thereby causing the hereinafter set forth injuries and damages to Plaintiff Jason Dean.

31. The Defendant Snowshoe Mountain, Inc. did or should have foreseen that the assault and battery upon Plaintiff Jason Dean would or could occur because Defendants Dusty Rogers, Bryan Teter and Joe Friend had been drinking.

32. The Defendant Snowshoe Mountain, Inc. did negligently and improperly fail to adopt and/or enforce a policy of barring individuals such as Dusty Rogers,

Bryan Teter and Joe Friend from the premises on the date of this tortuous conduct when their actions clearly warranted the same.

### COUNT III ASSAULT AND BATTERY

33. Plaintiff incorporates by reference the allegations contained in paragraphs (1) through (32) of this Complaint.

34. Dusty Rogers, Bryan Teter and Joe Friend intended to cause and did cause a harmful contact with Plaintiff's person.

35. Plaintiff Jason Dean did not consent to the actions of Dusty Rogers, Bryan Teter and Joe Friend.

36. As a direct and proximate result of the actions and conduct of Dusty Rogers, Bryan Teter and Joe Friend, Plaintiff Jason Dean suffered results of injuries.

### COUNT IV DAMAGES

37. Plaintiff incorporates by reference the allegations contained in paragraphs (1) through (36) of this Complaint.

38. As a direct and proximate result of the carelessness, negligence, recklessness and violations of the law by defendants, and Dusty Rogers, Bryan Teter and Joe Friend, hereinbefore described, Plaintiff Dean was injured and damaged as hereinafter set forth.

39. That as a direct and proximate result of the above-described conduct of the defendants, and Dusty Rogers, Bryan Teter and Joe Friend, one or all of them, as hereinbefore described, Plaintiff Jason Dean received severe bodily injuries, to the following, but not limited to, areas of his body: in and about his

head, face, neck and back, psyche, abrasions, muscle tissues and inasmuch as all or part of his injuries are permanent and lasting in nature, he has and will in the future suffer great pain of body and mind.

40. As a direct and proximate result of all acts and/or omissions alleged herein, Plaintiff Dean has incurred expenses for the care and treatment of his injuries in an amount as yet undetermined; inasmuch as all or part of Plaintiff Dean's injuries are permanent and lasting in nature, he has and will in the further suffer divers and sundry expenses for medical care attention in an effort to treat and effect a cure for his injuries; and he has suffered a diminution in his ability and capacity to care for himself and enjoy a normal life.

41. As a further direct and proximate result of the above-described conduct of the defendants, and Dusty Rogers, Bryan Teter and Joe Friend, one or all of them, as hereinbefore described, Plaintiff Jason has suffered a loss of income and a reduction in his capacity to earn a living; Plaintiff Jason Dean's permanent injuries have affected his ability to enjoy the ordinary functions of life, together with the capability to function as a whole person, and all of which will continue into the future.

**Wherefore**, Plaintiff Jason Dean, demands judgment against Defendants Snowshoe Mountain, Inc., Defendant Mountain Lodge Association, and United States (if re-substitution is denied otherwise against original Defendant Dusty Rogers, Bryan Teter and Joe Friend in place of United States), jointly and severally, in an amount not in excess of the minimum jurisdictional limits as compensatory damages, plus pre and post judgment interest and costs and such further relief as a court or jury may find,

together with punitive damages against each of the defendants not in excess of the minimum jurisdictional limits of this court, in an amount adequate to satisfy all reasons of West Virginia Law and public policy for an award of punitive or exemplary damages. Further, the Plaintiff prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

JASON DEAN,

By: /s/ D. Geoff Varney

Of Counsel

Erika Klie Kolenich, Esq. (9880)
D. Geoff Varney, Esq. (11552)
Klie Law Offices, P.L.L.C
Route 4 Box 529
Buckhannon, WV 26201
(304) 472-5007
Facsimile: (304) 472-1126
klielawoffices.com